### In re Valette J. CLARK; Michael Clark; Phillip Clark; Kristina Clark, Petitioners.

### No. 15–3966.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
Jan. 14, 2016.

Opinion filed: Jan. 21, 2016.

Valette J. Clark, Coraopolis, PA, pro se.

Michael Clark, Coraopolis, PA, pro se.

Phillip Clark, Coraopolis, PA, pro se.

Kristina Clark, Coraopolis, PA, pro se.

Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges.

OPINION *

PER CURIAM.

On October 13, 2015, Valette J. Clark filed an application to proceed in forma pauperis in the District Court. She and three of her adult children ("Plaintiffs")

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

seek to file in forma pauperis a 451–paragraph complaint alleging a wide spread conspiracy perpetrated by her ex-husband, who she alleges conspired with state court judges, the Allegheny County Sheriff's Department, and numerous state officials, among many others. Approximately two months later, Plaintiffs filed a petition for writ of mandamus, asking us to compel the District Court to rule on that application.[1] The petition indicates that her application to proceed in forma pauperis is meritorious and should be granted.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). To justify the use of this extraordinary remedy, a petitioner must demonstrate that he has "no other adequate means to obtain [that] relief," or that "the right to issuance [of the writ] is clear and indisputable." *Madden v. Myers,* 102 F.3d 74, 79 (3d Cir.1996).

We will deny the petition for writ of mandamus. Under the in forma pauperis statute, a federal court may authorize the commencement of a civil action without prepayment of the filing fee, 28 U.S.C. § 1915(a), after which "[t]he officers of the court shall issue and serve all process," *id.* at § 1915(d). However, notwithstanding any financial eligibility to proceed in forma pauperis, "the court shall dismiss the case at any time" if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief." *Id.* at § 1915(e)(2)(B). In view of the statute's grant of authority to the District Court to dismiss a complaint at any time, if proper under 28 U.S.C. § 1915(e)(2)(B), the petitioners have not demonstrated a clear and indisputable right to a *grant* of the in forma pauperis application *and* resulting service of the complaint.

Moreover, although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," *Madden v. Myers,* 102 F.3d 74, 79 (3d Cir.1996), there has been no such delay here. Clark filed her application in October, and the delay in ruling on that application is a modest one. *See. id.* (holding that the district court's delay of almost seven months was "of concern"); *see also Hassine v. Zimmerman,* 160 F.3d 941, 954 & n. 12 (3d Cir.1998) (noting that district court delay must be "extraordinary" to warrant mandamus relief). We are confident that the District Court will rule on Clark's application to proceed in forma pauperis in a timely manner. Accordingly, we will deny the mandamus petition.

---

1. Each of the four plaintiffs signed the mandamus petition. However, only Clark signed the application to proceed in forma pauperis in the District Court.